MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, State Bar No. 83684
JEAN BARNIER, State Bar No. 231683
645 First St. West, Suite D
Sonoma, California 95476
Telephone: (707) 935-3205
Facsimile: (707) 935-7051
Email: macclaw@macbarlaw.com

*Attorneys for Trustee*
*Linda S. Green*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PATRICE E. PHILLIPS<br><br>Debtor. | Case No. 12-12809<br>(Chapter 7)<br>**AMENDED MOTION FOR ORDER AUTHORIZING SALE OF PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS AND SUBJECT TO OVERBID**<br><br>Date: 03/07/2014<br>Time: 10:00 a.m.<br>Santa Rosa Courtroom–Jaroslovsky |

TO: **Terry Austin, Trustee of the Austin Family Trust**, **Danilo Design Group, L.P., Telegraph Hill Properties, Inc.**; and all other Creditors and other Parties in Interest:

The motion of Linda S. Green, Trustee in Bankruptcy of the Estate of Patrice E. Phillips, respectfully represents:

<u>JURISDICTION AND VENUE</u>

1. On October 23, 2013, the Patrice E. Phillips filed her voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the above-entitled Court. Thereafter the case was

[1094.MOTION.SELL.PROP.F&C] PAGE 1

1  converted to a proceeding under Chapter 7 and the Movant Linda S. Green was duly appointed

2  as the Chapter 7 Trustee in bankruptcy.

3     2.   This Court has subject matter jurisdiction over this Motion pursuant to the

4  provisions of 28 U.S.C. Sections 1334 and 11 U.S.C. Section 363. This Motion is a "core"

5  proceeding as defined by 28 U.S.C. Section 157(b)(2)(N). Venue is proper here pursuant to the

6  provisions of 28 U.S.C. Section 1409.

## SUMMARY OF RELIEF REQUESTED

3.   By this Motion, the Trustee seeks authority to sell a residential rental condominium owned by the Estate for the sum of $975,000 "all cash, as is", subject to overbid, and free and clear of the disputed lien described in detail below.

## FACTUAL BACKGROUND

4.   As of the filing of the petition for relief, the Debtor was the owner of a residential condominium in the Hayes Valley area of San Francisco commonly known as 427 Buchanan St. The Property is part of a four unit building the Debtor purchased some time ago and converted into four condominiums. As of the confirmation of the Debtor's Plan of Reorganization in July, 2013, the Debtor valued this condominium in the amount of $915,269.

5.   Upon her appointment the Trustee investigated the value of the Property, including directing a "drive by" valuation by experienced real estate brokers. The Trustee was advised that there was a broad range of potential market value for the Property. The Trustee was further advised that its value was depressed by the facts that (1) it was tenant-occupied and removal of the tenants by any prospective buyer who wished to occupy the premises would be extremely costly and time-consuming given San Francisco's rent control regulations, (2) it had no onsite parking for the unit, and (3) the unit included a built-out "attic space", currently lived in, which was the subject of a dispute with other property owners of the building and possible permit violations.

7.   Nonetheless, the Trustee received numerous unsolicited inquiries to purchase the

unit. The Trustee determined that given this level of interest it was in the best interests of the Estate to solicit offers from these parties without retaining a real estate brokers. Thereafter, the Trustee prepared a set of sale instructions, a correct copy of which are attached to this Motion and labeled Exhibit A, and distributed to these instructions to all parties expressing interest in the Property.

8. Thereafter, the Trustee received approximately 6 offers for the Property. The highest, best, and "cleanest" offer, which the Trustee accepted, was from The Jeffrey C. Mendelsohn 2012 Gift Trust for the sum of $975,000 all cash, "as is". The price was higher than the high end of the range of value provided by the Trustee's brokers. A correct copy of this agreement is attached to this Motion and labeled Exhibit 1.

9. The property is subject to certain liens and encumbrances. The Trustee proposes that the following liens, encumbrances, and other interests be paid in full at the close of escrow:

 (a) All sums due and payable to the City and County of San Francisco for unpaid real and personal property taxes due through the close of escrow;

 (b) The approximate sum of $470,000 to California Real Property Lending, Inc., as alleged assignee of a deed of trust in favor of Buckley Real Estate, Inc. in the face amount of $350,000 recorded on November 9, 2009, as Instrument No. 2009-I810434 of Official Records of the City and County of San Francisco.

 (c) The approximate sum of $75,000 to the 425-431 Buchanan Street Homeowners Association for unpaid homeowners' association dues and assessments due and payable.

 (d) The approximate sum of $9,150.00 to Shell Ridge Construction Group as holder of a Mechanic's Lien recorded September 28, 2011 as Instrument No. 2011-J259480 of Official Records of the City and County of San Francisco.

10. The figures set forth above are estimates only. Final payoff numbers will be determined by demands in to escrow. The Trustee reserves the right to dispute any such liens.

11. The Trustee further proposes to pay from the proceeds of sale all normal and customary seller's closing costs, as are more particularly set forth on Exhibit 1.

## SALE FREE AND CLEAR OF LIENS

12. The subject real property is also subject to certain junior liens which the Trustee believes are subject to a sale free and clear as set forth in either Bankruptcy Code § 363(f)(2), (3) and/or (4). A description of these liens, along with the basis for treatment under Section 363(f), is as follows:

(a) A judgment lien in favor of Danilo Design Group, L.P., the face amount of $14,411.00 as evidenced by that certain Abstract of Judgment recorded on July 26, 2010, as Instrument No. 2010-J003929 in the Official Records of the City and County of San Francisco. This lien is in bona fide dispute. The Trustee is informed and believes that this lien has been satisfied in full.

(b) A judgment lien in the face amount of $84,284.59 in favor of Telegraph Hill Properties, Inc., as evidenced by that certain Abstract of Judgment recorded on November 8, 2010, as Instrument No. 2010-J076310 in the Official Records of the City and County of San Francisco. This lien is in bona fide dispute. The Trustee is informed and believes that this lien was obtained through extrinsic fraud on the part of W.C. Coyle, a former fiduciary of the Debtor and alter ego of the claimant, and the Estate holds set offs against the claimant in an amount in excess of the purported lien.

(c) A judgment lien in the face amount of $767,475.87 in favor of Terry Austin, as Trustee of the Austin Family Trust, as evidenced by that certain Abstract of Judgment recorded on July 11, 2012, as Instrument No.

2012-J445063 in the Official Records of the City and County of San Francisco. The Trustee is informed and believes that the holder of this lien will consent to the sale on the condition he receives the adequate protection described below. Further, this lien is currently cross-collateralized[1] against valuable real properties owned by the Estate in Marin and Mendocino Counties and will remain attached to those properties to the extent not satisfied by the instant sale.

## ADEQUATE PROTECTION

13. As adequate protection for the holder of the liens set forth in Paragraph 12 above, the Trustee proposes that all remaining net proceeds of sale remaining after the payment of the valid liens described in Paragraph 9 above shall be held in a blocked account, with the liens identified in Paragraphs 12 to attach to the proceeds with the same validity, extent, and priority claimed under non-bankruptcy law, and said funds shall not be disbursed absent further Order(s) of this Court.

## PROCEDURE FOR OVERBIDS

14. To ensure that the proposed sale generates the highest possible price, the Trustee believes that it is appropriate to offer the Property for sale subject to overbid by creditors or other interested parties. The Trustee requires that any prospective overbidder (1) submit an initial overbid in the minimum amount of $1,000,000.00 all cash, net of real estate brokerage commission, (2) accompany any initial overbid with a certified or cashier's check payable to the Trustee in the amount of $50,000.00, to be delivered to the Trustee's counsel no later than March 4, 2014 at 5:00 p.m., and (3) agree to be bound by all terms and conditions of the pending purchase offer, except as to price. If one or more qualified overbids are received, the Trustee will conduct an auction at the date, time, and place of the Court hearing set forth above. Any

---

[1] Subject to potential preference attack.

qualified bidder may thereafter submit further bids at the time of the hearing in an open auction process in $5,000.00 increments. If the successful bidder is unable to consummate the sale, the $50,000 deposit will not be refunded.

WHEREFORE, the Trustee prays that the Court enter its Order Authorizing the Sale of Property Free and Clear of Liens, as set forth above, and for such other and further relief as the Court deems proper.

Dated: February 10, 2014    MACCONAGHY & BARNIER, PLC

    /s/   John H. MacConaghy
By John H. MacConaghy
*Attorneys for Chapter 7 Trustee,
Linda S. Green*